## ENGLAND *v.* STATE.

### Opinion delivered April 29, 1907.

LIQUORS—ILLEGAL SALE.—Where whisky was shipped to an express office, the agent of which was also the postmaster, and the consignee applied to the postmaster for a money order in payment of the whisky, which he received and mailed to the shipper, and then

applied to the express agent for the whisky, and received it, the postmaster and agent of the express company was not liable for being implicated in an unlawful sale unless the application for and issuance of the money order was a device adopted to enable defendant to collect the purchase money, while avoiding the appearance of doing so.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*J. T. Cowling,* for appellant.

*Wm. F. Kirby,* Attorney General, and *Dan'l Taylor,* for appellee.

BATTLE, J. J. F. England was indicted for unlawfully selling liquor without first having procured a license authorizing the sale, and was convicted and fined fifty dollars.

The defendant was postmaster, express agent and depot agent at Alleene, in the county of Little River, in this State. The liquor sold was purchased by Tom Allis of Harvest King Distilling Company, of Kansas City, in the State of Missouri, and was shipped by express to Allis at Alleene. It was shipped prepaid—without any charges against it. Allis was notified of the shipment by the vendors. He applied to England, as postmaster, for a money order for three dollars and fifty cents, upon the payment of which and lawful fees England issued the order, which Allis received and mailed to Harvest King Distilling Company, and thereafter called at the express office for his package, the liquor, and received it from the defendant without paying any charges. Evidence was adduced tending to prove that the defendant was ignorant of the purpose for which Allis applied for the money order, and that it was for the purpose of paying for intoxicating liquors.

Upon the foregoing facts and evidence defendant requested and the court refused to instruct the jury as follows: "If the jury believes that the prosecuting witness, Tom Allis, came to the defendant, and delivered to him an application for a United States money order, and did not instruct him that the same was in payment for intoxicating liquors, and that the defendant as postmaster issued a money order to the prosecuting witness for three dollars and a half and received the money therefor and de-

livered said money order to the prosecuting witness, without any knowledge that the same was for intoxicating liquors, and that afterwards the prosecuting witness returned and called for and received from the defendant, as agent of the Wells Fargo Express Company, a package of whisky that had been received at said office by the said defendant, as express agent, addressed' to the prosecuting witness, Tom Allis, prepaid, without any charges thereon, and that said agent did not know that the money order was in payment of said whisky when he delivered the whisky to the said Tom Allis, then he would not be guilty." No instruction to the same effect was given.

The Attorney General admits that the court erred in refusing this instruction, and that its judgment ought to be reversed, and the cause remanded for a new trial.

The liquor was not sold by the defendant. The money order was issued by him in his official capacity. It was his duty as postmaster to issue it. The three dollars and fifty cents, when paid, belonged to the United States. Unless the application for and issuing the money order was a device adopted by the Harvest King Distilling Company, Allis and defendant to enable the defendant to collect the purchase money and at the same time avoid the appearance of collecting it, he could not be implicated in the sale. There was evidence to prove that he was not a party to such a scheme. The instruction should have been given.

Reverse and remand for a new trial.